UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES B. ESTELL,<br><br>              Petitioner,<br><br>     v.<br><br>B.M. TRATE,<br><br>              Respondent. | Case No. 1:22-cv-01022-CDB (HC)<br><br>ORDER TO TRANSFER PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING RESPONDENT'S MOTION TO DISMISS AS MOOT<br><br>(Docs. 1, 10) |

Petitioner Charles B. Estell ("Petitioner") is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is currently in the custody of the Bureau of Prisons ("BOP") at the United States Penitentiary located in Atwater, California, and filed the instant petition on August 15, 2022. *Id.* Petitioner challenges the sentence he received in 2014 after he was convicted of armed bank robbery and using a loaded firearm during and in relation to a crime of violence in the Northern District of Illinois. On October 27, 2022, B.M. Trate ("Respondent") filed a motion to dismiss. (Doc. 10). Petitioner filed an opposition to Respondent's Motion to Dismiss on November 14, 2022 (Doc. 16), and the matter was taken under submission.[1]

---

[1] The parties have consented to the jurisdiction of the United State Magistrate Judge, and the case has been assigned to Magistrate Judge Christopher D. Baker for all purposes. (Doc. 17).

1

**Procedural and Factual Background**

On September 17, 2013, Petitioner was convicted in the United States District Court for the Northern District of Illinois by jury trial, for armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) and using a loaded firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 1); *United States v. Estell*, No. 1:12-cr-00416-1 (Docs. 95-96, 99). The trial court referred Petitioner's case to a probation officer to conduct a presentence investigation. *Estell*, No. 1:12-cr-00416-1 (Docs. 95). On November 25, 2013, a presentence investigation report ("PSR") as to Petitioner was filed. *Estell*, No. 1:12-cr-00416-1 (Doc. 105).

On March 13, 2014, the trial court held a sentencing hearing for Petitioner. (Doc. 10-1 at 24-185); *Estell*, No. 1:12-cr-00416-1 (Docs. 136-139). At the outset, the district judge expressed he sought to "figure out what the Advisory Guidelines range is, and…hear argument on that. And then once I make that determination, we'll consider the § 3553(a) factors." (Doc. 10-1 at 27). He then considered the advisory guidelines calculation proposed by the probation office in Petitioner's PSR and arguments from Petitioner and the government. *Id*. at 27-67.

The trial court held Petitioner qualified as a career offender under the United States Sentencing Guidelines ("USSG") 4B1.1, based on his 1994 federal conviction for felony conspiracy to distribute crack cocaine (for which he was incarcerated through 2003), a 2010 conviction in the state of Illinois for carjacking, and his 2008 felony conviction in the state of California for possessing marijuana for sale. *Id*. at 59-62. The trial court found Petitioner failed to accept responsibility for his actions and that no reduction of points under USSG 3E1, was warranted. *Id*. at 63. The trial court calculated the guideline range for the two counts of conviction to be 360 months to life and stated "[i]t's advisory, not mandatory." *Id*. at 67, 166. In applying 18 U.S.C. § 3553 factors and exercising sentencing discretion, the trial court imposed a 300-month sentence on the bank robbery count, and 90 months on the 924(c) count, served consecutively for a total of 390 months, which was "at the lower end of the Guidelines range." *Id*. at 178-79.

Petitioner attempted to appeal his conviction to the Seventh Circuit Court of Appeals on March 27, 2014. *Estell*, No. 1:12-cr-00416-1 (Doc. 140). The Seventh Circuit dismissed Petitioner's appeal on April 1, 2016. *Id*. at (Docs. 179-80). On March 13, 2017, Petitioner filed motions for an extension

of time to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. *Id*. at (Docs. 181-82). The trial court denied as moot the motions for an extension of time as Petitioner still had over three months to file the petition under the relevant statute of limitations. *Id*. at (Doc. 183) (citing *Clay v. United States*, 537 U.S. 522 (2003)). Petitioner did not file a § 2255 petition in the district of conviction.

Petitioner filed a motion for appointment of counsel and resentencing on April 1, 2020. *Id*. at (Doc. 185). Petitioner claimed he did not qualify for career offender sentencing because he did not have two predicate ACCA crime of violence convictions. *Id*. The trial court denied Petitioner's motion noting Petitioner's two predicate offenses for career offender status were controlled substance offenses, not crimes of violence. *Id*. at (Doc. 186). Moreover, the trial court held "the residual clause under the ACCA had no bearing on Defendant's Guidelines calculation." *Id*.

On August 15, 2022, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1). Petitioner claims he is actually innocent of his "enhanced mandatory minimum 390 months sentence" because his three prior state convictions do not qualify as predicate crimes for career offender status. *Id*. at 6. Petitioner asserts the trial court erred in adding additional points in calculating his sentence. *Id*. at 11-15. Petitioner also contends the trial court improperly increased his "mandatory minimum sentence." *Id*. at 15-16. Petitioner argues this Court has jurisdiction under the escape hatch provision of § 2255. *Id*. at 10 (citing *Allen v. Ives*, 950 F.3d 1184) (9th Cir. 2020)). Petitioner requests this Court vacate his career offender status, vacate his § 924(c) conviction, set aside his sentence, and either resentence him to a 20-year statutory maximum penalty authorized by law under § 2113(a) to time served, or grant his immediate release. *Id*. at 16-17.

On October 27, 2022, Respondent filed the motion to dismiss now at issue. (Doc. 10). Respondent argues Petitioner fails to raise a constitutional or federal statutory challenge to his conviction or sentence. *Id*. at 4. Next, Respondent avers this Court, the court-of-custody, has no jurisdiction over the trial court's exercise of discretion as to Petitioner's sentence. *Id*. Moreover, Respondent asserts Petitioner may not obtain jurisdiction under the escape hatch as Petitioner has failed to claim actual innocence under a mandatory sentencing scheme. *Id*. at 5-6. Respondent asks

this Court to dismiss the petition pursuant to Fed Rule Civ P 12(b)(1), (6), 28 U.S.C. § 2243, and 28 U.S.C. § 2255(e). *Id*. at 6.

On November 14, 2022, Petitioner filed an opposition to Respondent's motion to dismiss. (Doc. 16). Petitioner argues he was not sentenced under the advisory guideline as "[i]t plainly appears from the petition and the trial court records…that the sentencing judge considered Petitioner a career offender at sentencing." *Id*. at 3. Petitioner reasserts that his prior state convictions do not qualify as predicate crimes for career offender status and that he "is actually innocent of the increased mandatory element of his sentence and is eligible for habeas relief under § 2241. *Id*. at 4-5. Petitioner again contends this Court has jurisdiction under the escape hatch of § 2255. *Id*. at 5-7.

**Applicable Law and Analysis**

In general, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. *Tripati*, 843 F.2d at 1163; *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

An exception exists by which a federal prisoner may challenge the validity or constitutionality of his federal conviction or sentence under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. *Stephens*, 464 F.3d at 897; *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Under the § 2255 escape hatch, "a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting *Stephens*, 464 F.3d at 897). A § 2241 petition is available under the escape hatch of § 2255 where a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim. *Stephens*, 464 F.3d at 898.

To establish actual innocence for purposes of habeas relief, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id*. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v.*

*United States*, 523 U.S. 614, 623 (1998).  In *Allen*, the Ninth Circuit held that a habeas petitioner could challenge a sentencing enhancement under the escape hatch because, changes in the law "transformed his [prior state court conviction] from a predicate crime into a non-predicate crime."  950 F.3d at 1190.  Subsequently, the Ninth Circuit clarified that *Allen* is limited to petitioners who received a mandatory sentence under a mandatory sentencing scheme.  *Shepherd v. Unknown Party*, 5 F.4th 1075, 1078 (9th Cir. 2021) (citing *Allen v. Ives*, 976 F.3d 863, 869 (9th Cir. 2020) (W. Fletcher, J, concurring in the denial of the petition for rehearing *en banc*)).

Petitioner has not shown he received a mandatory sentence under a mandatory sentencing scheme.  To the extent Petitioner claims that he is "actually innocent" of the career offender enhancement, Petitioner was sentenced after *United States v. Booker*, 543 U.S. 220 (2005) under advisory, not mandatory, career offender guidelines.  *See Beckles v. United States*, 580 U.S. 256, 266 (2017) (district courts have discretion to apply or not apply advisory career offender guidelines enhancements).  Prior to sentencing Petitioner, the trial court considered Petitioner's PSR which calculated an advisory range of 360 months to life.  (Doc. 11-1 at 27-67).  The trial court exercised its discretion and imposed a sentence at the low end of the applicable guideline range (390).  *Id*. at 178-79.  Thus, the limited holding of *Allen* is insufficient to raise a claim of actual innocence.  *See Shepherd*, 5 F.4th at 1078.  *See also Wilson v. Thompson*, No. 2:21-cv-0793 KJN P, 2022 WL 815334, *4 (E.D. Cal. Mar. 17, 2022) (finding escape hatch unavailable to petitioner because his "predicate state court convictions which triggered his career offender status did not require the court to impose a sentence mandated by statute. Rather, petitioner was sentenced within a sentencing range, not pursuant to a mandatory sentencing statute.") (citing *Shepherd*).

Because Petitioner has failed to demonstrate he is actually innocent, the Petition fails as a matter of law.  The Court need not address the "unobstructed procedural shot" prong of the escape hatch.  *Nguyen v. Babcock*, No. 2:11-cv-2516 EFB P, 2012 WL 3756864, at *2 (E.D. Cal. Aug. 28, 2012) ("The court need not address whether petitioner had an unobstructed procedural shot at pursuing his claim because, even assuming that he did not, he has failed to show that he is actually innocent.").  Accordingly, Petitioner fails to satisfy the escape hatch criteria of § 2255, and this Court lacks jurisdiction over Petitioner's § 2241 petition.

Where, as here, a federal court lacks jurisdiction to consider a habeas petition, the court should consider whether to transfer it to another court. 28 U.S.C. § 1631. A transfer of a habeas petition is proper where: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. *See Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001).

The transfer here, if any, would be directed to the sentencing court, the Northern District of Illinois. Petitioner has not previously filed a § 2255 action and the instant proceeding is not a successive or second § 2255 motion that would deprive the Northern District of Illinois of jurisdiction. *See* § 2255(h) (providing that a successive § 2255 petition must be authorized by a panel from the appropriate court of appeals). Transfer of this case serves the interests of justice by preventing an unnecessary delay caused by requiring Petitioner to re-file in the Northern District of Illinois. Thus, transfer of the petition satisfies 28 U.S.C. § 1631.

**Conclusion**

For the foregoing reasons, pursuant to 28 U.S.C. § 1631, and in the interests of justice:

1. The Clerk of Court is DIRECTED to transfer Petitioner's petition for writ of habeas corpus (Doc. 1) to the United States District Court for the Northern District of Illinois; and

2. Respondent's motion to dismiss (Doc. 10) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated:   **February 17, 2023**

UNITED STATES MAGISTRATE JUDGE